IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV72-01-MU

| | |
|---|---|
| NOE MORENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER BRIAN FOLEY , et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed February 12, 2007.

Plaintiff has filed his Complaint alleging that he has been unlawfully charged with manslaughter. Plaintiff states that the evidence clearly demonstrates that he was not the driver of the car. Nevertheless, he alleges that Defendant Foley, a police officer, was instructed by his superior on the day after the incident to amend his report because Plaintiff would be easier to convict. Plaintiff also alleges that the District Attorney, Peter Gilchrist, participated in this fraud by pressing charges in spite of all the evidence indicating that Plaintiff was not the driver of the vehicle. Plaintiff also asserts that the State of North Carolina has wrongly held him in connection with this matter for over a year. Plaintiff asks this Court to order his criminal charges to be dismissed and to award him over six hundred thousand dollars in damages.

Pursuant to the Younger abstention doctrine, a federal court may not award declaratory or injunctive relief that would affect pending state criminal proceeding. See Younger v. Harris, 401

U.S. 37, 45 (1971). Consequently, this Court will dismiss Plaintiff's claim for injunctive relief.

As noted above, Plaintiff also seeks monetary relief. The State of North Carolina, however, is not a proper party to a § 1983 claim. See Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989)(neither a state nor its officials acting in their official capacities are "persons" under § 1983). Consequently, the State of North Carolina is dismissed from this case.

In addition, the Court notes that Peter Gilchrist is also not a proper party to this action. That is, supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Rather, § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). This Court takes judicial notice that Peter Gilchrist does not actively try cases and therefore his personal conduct cannot be the basis for this suit. Plaintiff does not allege that the district attorney has a policy of prosecuting cases in contravention of the evidence. Consequently, Plaintiff fails to state a claim against Defendant Gilchrist.

After a careful review of the record, the Court finds that Defendant Foley should file an answer detailing Plaintiff's allegations and responding to each.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's claim for injunctive relief is **DISMISSED**;

2. Plaintiff's claim for damages against the State of North Carolina and Peter Gilchrist is **DISMISSED**; and

3. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshal who will make

service of process without additional cost on Defendant Foley.

Signed: February 13, 2007

Graham C. Mullen
United States District Judge