**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV72-MU-1**

| | ) | |
|---|---|---|
| NOE MORENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| OFFICER BRIAN FOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court upon a Complaint pursuant to 42 U.S.C. §1983 which was filed by the Plaintiff pro se. Defendant Foley has filed a Motion for Summary Judgment[1] with a supporting brief. It appears that Defendant Foley may be entitled to summary judgment as a matter of law.

The Plaintiff is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by Defendant Foley. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he

---

[1] The Court notes that Defendant Foley titled his motion a "Motion to Dismiss." However, because Defendant attached a document to his motion it may be converted by the Court to a motion for summary judgment. See Fed. R. Civ. P. 12(b) and 12(c) (permitting court to convert motion to dismiss to motion for summary judgment if court considers matters outside the pleadings).

does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the Plaintiff has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by Defendant Foley, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the Plaintiff and sworn before a Notary Public. If the Plaintiff chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

**PLAINTIFF MORENO READ THIS:**

The Plaintiff is further hereby advised that he has twenty (20) days from the filing of this Order in which to file documents, affidavits, or unsworn declarations in opposition to Defendant's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**.

**THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff has <u>twenty (20) days from the filing of this Order</u> in which to provide his own documents, affidavits, or declarations countering the evidence offered by Defendant's Motion for Summary Judgment.

Signed: May 30, 2007

Graham C. Mullen
United States District Judge