UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV72-1-MU

| | |
|---|---|
| NOE MORENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER BRIAN FOLEY, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint (Doc. No. 15) filed July 10, 2007; Plaintiff's Motion to Hold Case in Abeyance (Doc. No. 16), filed July 10, 2007; and Defendant's Motion to Dismiss construed as a Motion for Summary Judgment (Doc. No. 9), filed May 25, 2007.[1]

## PROCEDURAL HISTORY

On February 12, 2007, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against Officer Brian Foley, District Attorney Peter S. Gilchrist III, and the State of North Carolina alleging, inter alia, that he had been unlawfully charged with manslaughter and was being unlawfully detained in the Mecklenburg County Jail. Plaintiff sought injunctive relief and damages. In an Order filed February 14, 2007, this Court denied Plaintiff's request for injunctive relief and dismissed Plaintiff's

---

[1] Because Defendant attached exhibits containing documents outside the record, this Court has construed the Motion to Dismiss as a Motion for Summary Judgment. Fed. R. Civ. P 56.

claims for monetary damages against Mr. Gilchrist and the State.[2] On April 4, 2007, Defendant Foley filed a Motion for a Stay. On April 9, 2007, Defendant Foley filed his Answer. On May 3, 2007, Plaintiff pled guilty[3] to murder in the second degree (N.C.G.S. § 14-17), assault with a deadly weapon inflicting serious injury (N.C.G.S. § 14-32(b)), assault with a deadly weapon (N.C.G.S. § 14-33), and driving while impaired (N.C.G.S. § 20-138.1). On May 25, 2007, Defendant Foley filed a Motion to Dismiss which this Court has construed as a Motion for Summary Judgment. This Court issued a Roseboro Order[4] and directed Plaintiff to file a response to Defendant's Motion for Summary Judgment. After the time to file a response had passed, Plaintiff filed a Motion for Extension of Time on June 25, 2007. This Court gave Plaintiff until July 10, 2007 to respond. On July 10, 2007, this Court received a Motion to Amend Complaint and a Motion to Hold Case in Abeyance. Plaintiff has failed to respond to Defendant's Motion for Summary Judgment.

## ANALYSIS

In his Motion to Amend Plaintiff seeks to amend his Complaint to include a Fourth Amendment claim of illegal search and seizure. More specifically, Plaintiff seeks to add as additional defendants Deputy J. Forrest, Sergeant Garrido, and Nurse Megan Rogers on the basis that they

---

[2] Plaintiff's claim against Mr. Gilchrist was dismissed because the Plaintiff failed to allege that Mr. Gilchrist had a policy of prosecuting cases in contravention of the evidence. The Court took notice that Mr. Gilchrist does not actively try cases so his personal conduct could not be a basis for the suit. See Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff's claim against the State of North Carolina was dismissed because a State is not a proper party to a § 1983 claim. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

[3] The Court notes that this is a true guilty plea and not an Alford plea where a defendant pleads guilty but maintains his innocence in order to avoid trial. See North Carolina v. Alford, 400 U.S. 25 (1970).

[4] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

violated his Fourth Amendment rights when they drew blood from him at the hospital after the crash without his consent. Plaintiff also asks that his claim against Defendant Foley be amended to only request monetary damages.

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending Complaints. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Forman v. Davis, 371 U.S. 178, 182 (1962). As stated above, Plaintiff seeks to add as additional defendants Deputy J. Forrest, Sergeant Garrido, and Nurse Megan Rogers on the basis that they violated his Fourth Amendment rights when they drew blood from him at the hospital after the crash without his consent. Such an allegation fails to state a claim and as such his Motion to Amend seeking to add these defendants and a new claim is denied because it is futile. See Schmerber v. California, 384 U.S. 757, 766-72 (1966)(holding that blood test performed on hospital patient arrested for driving under the influence over his objection to the test did not violate the Fourth Amendment). The Court will however grant Plaintiff's Motion to Amend to limit the relief sought against Defendant Foley to monetary damages.

The Court now turns to Defendant Foley's Motion for Summary Judgment. The Court notes at the outset that although given an opportunity to respond, Plaintiff has chosen not to do so. In any event, it is clear to the Court after reviewing the record, that Plaintiff's Complaint is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into

question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. Id. In the instant case, a ruling in Plaintiff's favor regarding his allegation that Defendant Foley knowingly listed him as the driver when he knew Plaintiff was not the driver would necessarily imply the invalidity of Plaintiff's conviction. Plaintiff has not offered proof that he can satisfy any one of the requirements listed above and therefore he may not proceed with his claim.

Plaintiff also has a Motion to Hold in Abeyance pending in which he asks this Court to hold the instant case in abeyance until he has exhausted his state and federal post-conviction proceedings.[5] The Court notes that the limitation period for a claim barred by Heck but still being challenged in the state or federal court system does not begin to run until the cause of action accrues – ie. the conviction is overturned. See Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 1097-98 (2007). Plaintiff has provided no persuasive basis for this Court to take such an action and Plaintiff's Motion to Hold Case in Abeyance is denied..

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend is **DENIED in part and GRANTED in part**;

2. Defendant's Motion to Hold Case in Abeyance is **DENIED**; and

---

[5] Plaintiff has filed a Motion for Appropriate Relief (MAR) in state court. This Court is not aware of a the MAR court issuing a ruling.

3. Plaintiff's Complaint is **DISMISSED without prejudice**.

Signed: October 7, 2008

Graham C. Mullen
United States District Judge